**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL PHAN,

      Plaintiff,

v.

HSBC CARD SERVICES, INC;
PORTFOLIO RECOVERY
ASSOCIATES, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
TRANS UNION, LLC. EXPERIAN
INFORMATION SOLUTIONS, INC;

      Defendants.

_____/

CASE NO.:

3: 10-cv-488 J-34 mcR

FILED
DCM
2010 JUN -4 | A 11: 23

LERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

      Plaintiff, Michael Phan (hereinafter "Plaintiff" or "Mr. Phan") complains against HSBC Card Services, Inc., an affiliation of HSBC Bank Nevada (hereinafter "HSBC"), Portfolio Recovery Associates, LLC., (hereinafter "PRA"), Equifax Information Services, LLC., (hereinafter "Equifax") and Trans Union, LLC., (hereinafter "TU"), Experian Information Solutions, Inc., (hereinafter "Experian"), and upon personal knowledge and information belief alleges as follows:

### I.    NATURE OF THE ACTION

      1.    This is an action arise under the Fair Credit Reporting Act, (FCRA), 15 U.S.C. § 1681, *et seq., as amended.* The Fair Credit Billing Act (FCBA), 15 U.S.C §§ 1601-1666, *as amended.* The Fair Debt Collection Practices Act, (FDCPA), 15 U.S.C. § 1692, *et seq.* The

Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204, *et seq.*, and the common law for breach of contract, fraud/misrepresentation, and unjust enrichment.

## II.   JURISIDCTION AND VENUE

2.      The jurisdiction of the Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. § 1692k, and 28 U.S.C. § 1331. Supplementary jurisdiction for the state and common law claims authorized by 28 U.S.C. § 1367. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, in that, the Defendants transact business here and the conduct complained occurred here.

## III.   PARTIES

3.      Plaintiff is a natural person and currently resides in this district.

4.      PRA is a corporation incorporated under the laws of the State of Delaware, authorized and license consumer collection agency in the State of Florida.

5.      The principal purpose of Defendant PRA is the collection of consumer debts, using the mails, electronic mails, facsimiles, and telephone, and PRA regularly attempts to collect debts alleged to be due to a third party for compensation.

6.      Defendant PRA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      Defendant HSBC is a national bank, authorized and license financial institution to conduct business in the State of Florida, as a consumer credit card lender.

8.      At all times material, PRA and HSBC are "furnisher of information" as contemplated by FCRA, § 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9.      Equifax is a corporation incorporated under the laws of the State of Georgia

authorized to conduct business in the State of Florida.

10.     TU is a corporation incorporated under the laws of the State of Delaware authorized to conduct business in the State of Florida.

11.     Experian is a corporation incorporated under the laws of the State of Ohio authorized to conduct business in the State of Florida.

12.     Upon information and belief, Equifax Experian and TU are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.     Equifax, Experian and TU disburse such consumer reports to third parties under contract for monetary compensation. Equifax, Experian, and TU are "consumer reporting agency" as defined in 15 U.S.C. § 1681(f).

## IV.     FACTUAL ALLEGATIONS

14.     On or about November 26, 2006, Plaintiff was approved by HSBC for a MasterCard credit account ending in xxxx-xxxx-xxxx-7146 (hereinafter "The Account").

15.     HSBC also provided to Plaintiff the original copy of the Card Member Agreement and Disclosure Statement No. AG2607 dated February 2006 (hereinafter "The Agreement"). A copy of this agreement is attached as **EXHIBIT A.**

16.     As part of the agreement, an annual fee was set at $69.00 due each year.

17.     Additionally, HSBC set a credit limit of $300.00.

18.     On December 5, 2007, HSBC unlawfully charged Plaintiff an annual fee of $79.00, instead of $69.00 as previously agreed. A copy of this statement is attached as **EXHIBIT B.**

19.     At that time, Plaintiff's account balance was $283.01, which balance did not

3

exceed the credit limit assigned.

20. From November 26, 2006 to December 5, 2007, Plaintiff has used this credit card to make purchased for personal, family and household purposes.

21. Before December 5, 2007, HSBC did not provided additional disclosure to Plaintiff regarding the increased of an annual fee from $69.00 to $79.00.

22. In many instances, Plaintiff disputed the annual fee and requested a credit for the different in fee from HSBC, their agents and representatives by verbal and written communications within 60 days after he received such statements.

23. In many instances, HSBC did not provide written acknowledgement after its received Plaintiff's billing disputed notices within 30 days.

24. In many instances, HSBC has failed to adjust and credit Plaintiff's Account the different in fee within 90 days.

25. By correspondence dated February 11, 2008, HSBC expressly and impliedly stated in writing that HSBC refused to adjust and credit the different in fee in connection with the billing of an annual fee. A copy of this letter is attached as **EXHIBIT C.**

26. By correspondence dated December 9, 2007, Plaintiff wrote to HSBC and requested that HSBC closed this account.

27. Upon information and belief, HSBC closed this account on December 19, 2007.

28. From January 5, 2008 to present time, HSBC has prepared and transmitted statements contained billing errors in connection with the annual fee, including the billing of late payments fee, over limit fee, and excessive interests penalty.

29. Despite the fact that Plaintiff made timely payments and did not exceed the assigned credit limit.

4

30.     Upon information and belief, those late payments fee and over limit fee were illegally and unlawfully charged, collected and retained by HSBC.

31.     In many instances, Plaintiff disputed these unlawful fees with HSBC, their agents and representatives by verbal and written communications within 60 days after he received statements.

32.     In many instances, HSBC failed to acknowledge in writing within 30 days regarding Plaintiff's billing errors disputed.

33.     Despite these communications, HSBC did not take appropriate step to investigate Plaintiff's disputed or took action to adjust and credit Plaintiff's account in fees within 90 days.

34.     Upon information and belief, HSBC did not conduct an investigation regarding Plaintiff billing disputed.

35.     Around January 2009, HSBC began to furnish misleading information regarding Plaintiff's payments history to Equifax, Experian, and TU (hereinafter referred to as "CRAs"), stating that Plaintiff was delinquent and not paid as agreed.

36.     Overtime, the account became more derogatory and eventually HSBC made derogatory statements, stating that Plaintiff' account was 30, 60, 90, 120, or 150 days delinquents between January 2009 and May 2009. Despite the fact that HSBC knew or could have known, or consciously avoided knowing that the derogatory statements were misleading.

37.     In many instances, Plaintiff disputed the reporting of false, derogatory information, and inaccurate or incomplete credit information by verbal and written communications with CRAs and HSBC's representatives.

38.     Upon information and belief, CRAs did notify HSBC within 5 days after received notice of disputed from Plaintiff.

39.     In many instances, HSBC received consumer credit dispute verification and/or telephone verification of credit disputed information from CRAs regarding the same.

40.     Upon information and belief, HSBC did not consider or verify all relevant information provided by CRAs regarding Plaintiff's credit information disputed.

41.     Upon information and belief, HSBC failed to conduct a reasonable investigation after receipt notification of credit information disputed from CRAs regarding Plaintiff's credit files.

42.     Upon information and belief, HSBC failed to modify misleading, derogatory information regarding Plaintiff's payments history and credit rating when HSBC knew or could have known, or consciously avoided knowing the payments history and credit rating were in fact incomplete or inaccurate.

43.     In many instances, HSBC sent correspondence to Plaintiff confirmed that HSBC was fully aware that Plaintiff has disputed the credit information with CRAs. Copies of this correspondence are attached as **EXHIBIT D.**

44.     Upon information and belief, HSBC has failed to provide the investigation results to CRAs with accurate information regarding Plaintiff's payments history and credit rating.

45.     In many instances, HSBC prepared and transmitted the investigation results to CRAs certified that the investigation results were accurate when in fact it was incomplete or inaccurate.

46.     Subsequently, on or about December 21, 2009, Plaintiff learned that HSBC sold, transferred and/or assigned the account to PRA, and PRA begins to collect on the alleged debts.

45.     By correspondence dated January 7, 2010, PRA arranged for the preparation and transmitted a debt communication to Plaintiff, demanding payment of debt allegedly due or owed

to HSBC in the sums of $604.05. A copy of this letter is attached as **EXHIBIT E.**

46. The amount of debt claim by PRA was false. Plaintiff did not owe that amount. The amount of $604.05, including unlawful billings and fees, as well as interest penalty.

47. Plaintiff received this notice at his place of residence. The amount set forth in PRA initial debt communication and demanding payment contained the unlawful billing and fees as discussed above.

48. Upon information and belief, PRA communications were misleading and deceptive because it misrepresenting the character, amount, and legality of the debt.

49. By written communication dated January 19, 2010, Plaintiff notified PRA that he is disputing this debt, and asked that PRA verify and/or validate the alleged debt. A copy of this letter and the certified mail receipt showing delivery of the letter are attached as **EXHIBIT F.**

50. Upon information and belief, PRA did not provide verification or validation of the alleged debt.

51. Thereinafter, PRA began to report false, derogatory information to CRAs, stating Plaintiff was delinquent and not paying as agreed regarding the PRA's collection account.

52. By written communication dated March 3, 2010, Plaintiff notified Equifax and he is disputing the false, derogatory information regarding the PRA's collection account and requested Equifax verify and delete the false reporting. A copy of this letter and the certified mail showing delivery of the letter are attached as **EXHIBIT G.**

53. By written communication dated March 26, 2010, Plaintiff had also notified Experian and TU regarding the same. A copy of this letter and the certified mail showing delivery of the letter are attached as **EXHIBIT H.**

54. Upon Plaintiff requested for verification and deletion of the HSBC and PRA's

representation, and in accordance with its standards and procedures, on several occasions, Equifax did not evaluate or consider all relevant information provided by Plaintiff and did not make any attempt to substantially or reasonably verify the account with either PRA or HSBC.

55.     The failure of Equifax to substantially or reasonably verify the account with either HSBC or PRA is evident of the results of Equifax's reinvestigation dated March 30, 2010. A copy of Equifax's reinvestigation results is attached as **EXHIBIT I.**

56.     The Equifax's investigation results revealed nothing was delete or update regarding payments history or account rating. Despite the fact that Equifax knew or its has good cause to know, or consciously avoided knowing the payments history and account rating was in fact inaccurate.

57.     At no time that Equifax advised Plaintiff in writing that his credit information disputed regarding PRA and HSBC's accounts were frivolous. Equifax did nothing to substantially or reasonably verify all relevant information received from Plaintiff.

58.     Plaintiff also received the investigation results from Experian dated April 12, 2010 revealed that Experian has deleted the PRA's trade line and updated the HSBC's account status as closed, $283 written off and payments delinquent with 150 days past due from January 2009 to June 2009. A copy of Experian's reinvestigation results is attached as **EXHIBIT J.**

59.     On or about May 3, 2010, Plaintiff also received the investigation results from TU dated April 28, 2010. A copy of TU's reinvestigation results is attached as **EXHIBIT K.**

60.     According TU's reinvestigation results revealed that the PRA's collection account was deleted, however, for the HSBC account, TU update the account status as "payment after charge off" with $0 balance.

61.     Upon information and belief, CRAs have failed to conduct a lawful investigation

by failing to consider or review all relevant information provided by Plaintiff.

62.     Upon information and belief, CRAs have failed to delete information that they were not able to verify or failing to update information that they knew or should have known, or consciously avoided knowing that the information was in fact incomplete or inaccurate.

63.     Upon information and belief, CRAs have failed to follow reasonable procedures to ensure maximum possible accuracy concerning Plaintiff's credit file.

64.     Plaintiff reputations, character, and creditworthiness had have been repeatedly compromised by the acts and omissions of the Defendants as described above.

65.     In many instances, Plaintiff was denied for credits from his current and/or potential creditors, in part or in whole, based on credit files obtained from Equifax and TU, such reports maintained, prepared, and transmitted by CRAs contained misleading and derogatory information and other delinquent payments history made by HSBC and PRA regarding Plaintiff.

66.     On two occasions, Plaintiff current creditors took adverse action by reducing his available credit based upon review and/or consideration, in whole or in part, based on credit information obtained from CRAs, such reports maintained, prepared, and transmitted by CRAs that contained the misleading and derogatory information and other delinquent payments history made by HSBC and PRA regarding Plaintiff.

67.     Plaintiff's auto insurance premium was also increased from $455.30 to $588.18 due to adverse and negative credit information reporting by CRAs.

68.     Such an action described above, reducing Plaintiff's credit scores and increased credit risk, and therefore, diminished Plaintiff opportunity and benefit from having poor credit.

69.     In many instances, Plaintiff has warned HSBC, PRA, and CRAs by verbal and written communications regarding the Defendants conduct and action in violations of the FCRA.

70.     Despite Plaintiff's warning, HSBC, PRA, and CRAs have failed to take the appropriate action to protect Plaintiff's rights.

71.     Upon information and belief, HSBC, PRA and CRAs action, conduct, and inaction described fully above were intentional and recklessness and disregarding Plaintiff's rights.

72.     Upon information and belief, HSBC, PRA, and CRAs failure to comply with the FCRA were willfully and/or negligence.

73.     As a result of Defendants conduct, action, and inaction, Plaintiff has suffered losses, including lost of benefits and opportunity of credit and has suffered mental anguish and have incurred monetary loss in having to bring this action against the Defendants, and has also incurred other damages.

## V.     CAUSE OF ACTION

### COUNT I
### (VIOLATIONS OF THE FAIR CREDIT REPORTING ACT)

74.     Plaintiff realleges and incorporates paragraphs 1 through 73 as set forth herein:

75.     HSBC and PRA have violated several provisions of the FCRA, 15 U.S.C. § 1681s-2(b), specifically, Section 623(b)(1)(A), (B), (C), (D), (E) by:

a.      Continuing to reporting false and derogatory credit information within Plaintiff's credit files with CRAs without also including a notation that credit information was disputed;

b.      Failing to fully and properly conduct an investigate regarding the false, derogatory information, and others inaccurate or incomplete credit information concerning Plaintiff's credit files;

c.      Failing to consider and review all relevant information provided by CRAs regarding the same;

d.      Failing to accurately respond to CRAs when PRA and HSBC was contacted by them;

e.      Failing to correctly report the results of an accurate investigation to every other credit reporting agencies; and

f.      Failing to permanently and lawfully corrected its own internal records to prevent the re-reporting of the false representation to CRAs and other know or unknown consumer reporting agencies.

g.      Failing to delete inaccurate or incomplete information when HSBC and PRA knew or could have known, or consciously avoided knowing the information they furnished to CRAs were in fact inaccurate or incomplete.

76.     PRA and HSBC conduct, action, and inactions were willfully, rendering its liable for actual or statutory damages and punitive damages in an amount to be proven at trial pursuant to 15 U.S.C. §§ 1681p, and 1681n.

77.     In alternative, PRA and HSBC action, conduct and in action were negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Mr. Phan demands judgment against PRA and HSBC, jointly and severally, as follows:

a.      Declaratory judgment that PRA and HSBC conduct violated the FCRA;

b.      An award of actual damages pursuant to 15 U.S.C. § 1681o;

c.      An Award of punitive damages pursuant to 15 U.S.C. § 1681n;

d.      An award of statutory damages of $1, 000.00 pursuant to 15 U.S.C. §§ 1681n; o.

e.      An award of the cost of this action pursuant to 15 U.S.C. § 1681 n; o; and

f.      For such other and further relief as may be just and proper.

## COUNT II
## (VIOLATIONS OF THE FAIR CREDIT REPORTING ACT)

78.     Plaintiff realleges and incorporates paragraphs 1 through 73 as fully set forth herein.

79.     CRAs have violated several provisions of the FCRA, specifically, its violated 15 U.S.C. § 1681i(a) and § 1681e(b), by:

a.      Failing to delete inaccurate or incomplete information in Plaintiff's credit file after receiving relevant information and actual notice of such inaccuracies;

b.      Failing to conduct a lawful investigation by failing to consider and review all relevant information provided by Plaintiff;

c.      Failing to forward all relevant information to PRA and HSBC, when they knew or could have known, or consciously avoided knowing the relevant information provided by Plaintiff is reliable;

d.      Failing to maintain reasonable procedures with which to filter and prevent the reappearance of the PRA and HSBC accounts

e.      Relying upon verification from sources that its have reason to know, or consciously avoided knowing it is unreliable.

f.      Failing to delete, modify and update credit information that its have reasonable cause to believe that the credit information was in fact inaccurate or incomplete;

g.      Failing to follow reasonable to ensure maximum possible accuracy regarding the credit information that its reporting concerning Plaintiff.

80.     As the results of the violations described fully above, Plaintiff has suffered damage by loss of credit; loss of ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, embarrassment of credit denials.

81.     CRAs conduct, action, and inaction were willfully, rendering its liable for actual or statutory damages and punitive damages in an amount shall be proven at trial pursuant to 15 U.S.C. §§ 1681p, and 1681n.

82.     In alternative, CRAs action, conduct and inaction were negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands that this Court for judgment against Equifax Experian, and TU, jointly and severally, as follows:

a.     Declaratory judgment that CRAs conducts violated the FCRA;

b.     An award of actual damages pursuant to 15 U.S.C. § 1681o;

c.     An Award of punitive damages pursuant to 15 U.S.C. § 1681n as deem justify and reasonable;

d.     An award of statutory damages of $1, 000.00 pursuant to 15 U.S.C. § 1681n, and o.

e.     An award of the cost of this action pursuant to 15 U.S.C. § 1681 n, and o;

f.     For such other and further relief as may be just and proper.

### COUNT III
### (VIOLATIONS OF THE FAIR CREDIT BILLING ACT)

83.     Plaintiff realleges and incorporates paragraphs 1 through 73 as fully set forth herein.

84.     At all times material, HSBC is engaged in the business of regularly extending or offering to extend consumer credit for which a finance charge is imposed or which by a written agreement, is payable in more than four installment.

85.     From January 5, 2008 to the present time, HSBC has prepared, assimilated, and transmitted statements to Plaintiff, which contained several unlawful fees.

13

86.     Within 60 days after transmission of the statements, Plaintiff sent written communications to HSBC at the address show on the statement, and he is disputing those fees.

87.     Within 30 days upon after receipt from Plaintiff's notice of billing errors disputed, HSBC did not provide written acknowledgements of its receipt of his notice for that period.

88.     HSBC did not, within 90 days, or two billing cycles after receipt of Plaintiff's billing errors disputed, either to correct or investigate the billing errors, or alternatively, sent Plaintiff a written explanation.

89.     Despite HSBC receipt of Plaintiff's billing errors disputed, and before meeting the requirements by 15 U.S.C. § 1666 of the FCBA, either to correct the billing errors or conduct an investigation regarding the same, and sent an explanation of the charges, HSBC made adverse credit reporting regarding Plaintiff.

90.     In many instances, HSBC prepared, assimilated, and transmitted statements, demanding payments from Plaintiff, which payments including the illegal and unlawful in fees.

91.     Upon information and belief, HSBC action, conduct, and inaction described fully above violated the FCBA, specifically its violated §§ 1666-1666a by:

a.      Failing to acknowledge within 30 days after receiving notice of billing errors disputed from Plaintiff;

b.      Failing to conduct an investigation or take action within 90 days or two billing cycles to either adjust or make appropriate corrections in the account of Plaintiff regarding in fees, including the crediting any finance charges on amounts were erroneously billed;

c.      Failing to provide a written explanation or clarification to Plaintiff, after having conducted an investigation, providing a reasonable explanation justify HSBC's action regarding the billing of those fees;

d.      Demanding payments from Plaintiff, including the unlawful fees;

e.      Restricting Plaintiff from using the credit card because he has refused to pay those unlawful fees;

f.      Reporting adverse credit rating or credit standing to the CRAs because Plaintiff has disputed and refused to pay those unlawful fees;

g.      Reporting to CRAs that the amounts in disputed was delinquent.

92.     As the results of HSBC unlawfully action, conduct, and inaction, Plaintiff has suffered damages, including incurring alleged over limit fees regarding the unlawful billing of an annual fee, other fees associates with this debt, has suffered mental anguish, and has incurred fees in having to bring this action against HSBC, and has also incurred other damages.

WHEREFORE, Plaintiff prays that this Court for a judgment against HSBC, as follows:

a.      Actual damages in the amount of triple the finance charges;

b.      Statutory damages in the amount to be determined;

c.      Cost of this action; and

d.      For such other and further relief as may be just and proper.

### COUNT IV
### (VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT)

93.     Plaintiff realleges and incorporates by reference paragraphs 1 to 73 as set forth herein.

94.     Plaintiff has been the object of collection activity arising from consumer debt from PRA.

95.     Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

96.     PRA is a "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

97.     PRA violated the FDCPA, specifically Sections 1692d, 1692e, 1692f, and 1692g

as follows:

a.      PRA has violated the FDCPA by willfully communicated with Plaintiff via telephone, email, and written communications with such frequency as could be reasonably expected to, and as a natural consequence did, abuse or harass the Plaintiff;

b.      PRA has violated the FDCPA by claiming, attempting, or threatening to enforce a debt that its has reason to know that the debt is not legitimate because of unlawful amounts of money included within the alleged debt.

c.      PRA has violated the FDCPA by making false representations regarding the character, amount, and status of said debt, and engaged in unfair and deceptive methods to collect the debt, including the reporting of false, derogatory information to the consumer reporting agencies without a valid basis;

d.      PRA has violated the FDCPA by falsely represented to Plaintiff that he had not paid the alleged debt to HSBC regarding the credit card account numerous times and/or he owed past due balances that were not in fact owed.

e.      PRA has also violated the FCDCPA by making false representations about services or compensation that lawfully could be received for the collection of debt, including interests and fees were improper on their face and further improper in the interests amount that PRA assessed against the Plaintiff;

f.      PRA has violated the FDCPA by failing to provide verification of the debt, and continued its debt collection efforts after Plaintiff had disputed the debt within 30 days of receiving notice of debt;

g.      PRA has violated the FDCPA by requiring Plaintiff to dispute the debt in writing within 30 days, or otherwise the debt assume to be valid.

98.     As direct result of PRA violations of this Act, Plaintiff has been injured in his good name, has suffered mental anguish, and has suffered actual damages.

WHEREFORE, Plaintiff demands judgment against PRA, as follows:

a.      Declaratory judgment that PRA conducts violated the FDCPA;

b.      An award of actual damages pursuant to 15 U.S.C. § 1692k(1);

c.      An award of the statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(2);

d.      An award of the costs of this action pursuant to 15 U.S.C. § 1692k(3); and

e.      For such other and further relief as may be just and proper.

## COUNT V
### (MISREPRESENTATION/FRAUD)

99.     Plaintiff realleges and incorporates by reference paragraphs 1 to 73 as set forth herein.

100.    From December 5, 2007 to the present time, Defendants HSBC and PRA have made false statements of material fact to Plaintiff as to the amount, character, nature and responsibility for debts.

101.    These statements and written communications were ones known by HSBC and PRA to be false, or which were made reckless disregard as to their falsity. HSBC and PRA also knew or should have known, or consciously avoided knowing that such representations of debt in the amount and other fees that were relayed to the Plaintiff was false and was intended to deceive and defraud the Plaintiff.

102.    These representations led to the Plaintiffs, to his detriment, making payments to the Defendants that were improper. Due to HSBC and PRA conduct, Plaintiff has suffered losses, including incurring over limit fees, excessive interests, and other fees associates with this

debt, has suffered mental anguish and have incurred fees in having to bring this action against the Defendants, and has also incurred other damages.

WHEREFORE, Plaintiff demand judgment against HSBC and PRA for damages, including the damages set forth above, together with Court costs and such other and further relief as may be just and proper.

## COUNT VI
## (BREACH OF CONTRACT)

103.    Plaintiff realleges and incorporates by reference paragraphs 1 to 73 as set forth herein.

104.    Plaintiff and HSBC were and are governed by the credit card agreement entered onto November 26, 2006.

105.    According to this written agreement, HSBC improperly billed, collected, and accessed an annual fee of $79.00 instead of $69.00 as previously agreed.

106.    Plaintiff performed all conditions precedent to be performed by them under this agreement, the conditions have been waived, or the conditions have occurred.

107.    HSBC has breached this agreement by collecting an annual fee that was not authorized under this agreement and by charging unlawful over limit fees and/or other excessive interests penalty and other fees in relation to this unlawful annual fee.

108.    Plaintiff has suffered damages as results of HSBC breached of this agreement.

WHEREFORE, Plaintiff demand judgment against HSBC for damages, including the damages set forth above, together with Court costs and such other and further relief as may be just and proper.

## COUNT VII.
## (VIOLATIONS OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)

109.    Plaintiff realleges and incorporates by reference paragraphs 1 to 108 as set forth above.

110.    Plaintiff is a consumer within the meaning of the FDUTPA.

111.    The collection of debt described in this Complaint constitutes a service, and thus is a consumer transaction as defined by the FDUTPA.

112.    PRA violated the FDUTPA specifically section 501.204, as follows:

a.      Defendants PRA claimed, attempted, or threatened to enforce a debt that its knew was not legitimate because of unlawful amounts of money included within the alleged debt, as well as because payments made by the Plaintiff;

b.      PRA made false representations regarding the character, amount, and status of said debt, and engaged in unfair and deceptive methods to collect the debt, including furnished false, derogatory information to the consumer reporting agencies without a valid basis;

c.      PRA falsely represented to Plaintiff that he has not paid the outstanding balance regarding the credit card account, including unlawful billing and fees numerous times and/or his owed past due balances that were not in fact owed. PRA also made false representation about services or compensation that lawfully could be received for the collection of this debt, including interests, and other fees were improper on their face and further improper in the amount that PRA assessed against the Plaintiff;

d.      PRA failed to provide verification of the debt, and continued its debt collection efforts after Plaintiff had disputed the debt in writing within 30 days of receiving notice of debt;

e.      PRA willfully and/or negligently furnished false, derogatory information about Plaintiff's credit information to Equifax, TU and Experian when it knew or could have known, or avoided knowing the information was in fact inaccurate or incomplete.

f.     PRA failed to delete the false, derogatory information concerning Plaintiff's credit information after receipt notice and relevant information provided Equifax, TU, and Experian.

113.   As a result of PRA's violation of this Act, Plaintiff had been injured in his good name, and has suffered damages.

114.   These practices aforementioned were deceptive and unfair, and likely to deceive a consumer acting reasonably in the same circumstances, which Plaintiff did.

WHEREFORE, Plaintiff demands judgment against PRA for damages as stated above, including prejudgment interest, together with Court costs and actual damages incurred by filling this action in accordance with Fla. Stat. § 501.2105.

## COUNT VIII.
### (UNJUST ENRICHMENT)

115.   Plaintiff realleges and incorporates by reference paragraphs 1 to 73 as set forth herein.

116.   HSBC had no legal rights to, nor did it provide any consideration for all, or part of the unlawful fees that it collected, and the payments made by the Plaintiff, which were never timely credit to his account, which were receipt by HSBC.

117.   By receipt of these unlawful fees, and the payments made to HSBC, and its refusal to make restitution of these amounts back to Plaintiff, HSBC have been unjustly enriched.

WHEREFORE, Plaintiff demands judgment against HSBC equal to the amount of unlawful fees (plus interests thereon from the date that these fees were paid or accessed) the amount received but incorrectly posted or not posted, plus prejudgment interest, together with Court costs and any such other relief is proper and just.

## VI.    DEMAND FOR JURY TRIAL

118.    Plaintiff hereby demands trial by jury of all issues so triable pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution.

## VII.    CERTIFICATION

119.    Plaintiff hereby certify that the allegations described in paragraphs 1 to 73 are true and correct to the best of he knowledge and information belief.

/s/
Michael Phan
9401 Osprey Branch Trail Unit 9
Jacksonville, FL 32257
904-425-2616 (Tel)
904-458-8991 (Fax)
michael.p.esq@gmail.com

THE PARTIES ACKNOWLEDGE THAT THEY HAVE A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

You may contact, obtain the arbitration rules of, or file a Claim with NAF or JAMS as follows:

National Arbitration Forum    JAMS
P.O. Box 50191    45 Broadway
Minneapolis, MN 55405    New York, NY 10005
www.arb-forum.org    www.jamsadr.com
Code of Procedure    Financial Services
   Arbitration Rules and Procedures.

## YOUR BILLING RIGHTS

### Keep this notice for future use

This notice contains important information about your rights and our responsibilities under the Fair Credit Billing Act.

### Notify Us In Case Of Errors or Questions About Your Bill

If you think your bill is wrong, or if you need more information about a transaction on your bill, write (on a separate sheet) to HSBC Card Services Inc., P.O. Box 80084, Salinas, CA 93912. Write us as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

Please include the following information in your letter:

• Your name, account number and signature;

• The dollar amount of the suspected error; and

• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your Account bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter must reach us three business days before the automatic payment is scheduled to occur.

### Your Rights and Our Responsibilities After We Receive Your Written Notice:

We must acknowledge your letter within 30 days, unless we have corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct.

After we receive your letter, we cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including Finance Charges, and we can apply any unpaid amount against your credit limit.

You do not have to pay any questioned amount while we are investigating, but you are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any Finance Charges related to any questioned amount. If we didn't make a mistake, you may have to pay Finance Charges, and you will have to make up any missed payments on the questioned amount. In either case, we will send you a statement of the amount you owe and the date it is due.

---

delinquent. However, if our explanation does not satisfy you, and you write to us within ten days telling us you still refuse to pay, we must tell anyone we report you to that you have a question about your bill. And, we must tell you the name of anyone we reported you to. Upon settlement of the dispute, we must tell everyone we report you to that the matter has been settled.

If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

### Special Rule for Credit Card Purchases

If you have a problem with the quality of property or services you purchased with a credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the property or services. There are two limitations on this right:

(a) You must have made the purchase in your home state or if not, within 100 miles of your current mailing address.

(b) The purchase price must have been more than $50.

These limitations do not apply if we own or operate the merchant, or if we mailed you the advertisement for the property or services.

HSBC Card Services Inc. and/or HSBC Card Services (II) Inc. provide processing services for HSBC Bank Nevada, N.A.

You may write to us at:
HSBC Bank Nevada, N.A.
1111 Town Center Drive
Las Vegas, Nevada 89144
Website Address: www.orchardbank.com
MasterCard and Gold MasterCard are registered marks of MasterCard International, Incorporated.
©2006 HSBC Bank Nevada, N.A.

Thomas M. Kimble
Executive Vice President
February 1, 2006



**PLAINTIFF'S EXHIBIT A**

PENGAD 800-631-6989

---

# ORCHARD BANK°

## CARDMEMBER AGREEMENT AND DISCLOSURE STATEMENT

### AG2507 (2/06) CI

Please keep this with your important papers.

---

### AGREEMENT TO TERMS – USE OF ACCOUNT – DEFINITIONS OF PARTIES

This Cardmember Agreement and Disclosure Statement and any amendments to them are collectively the "Agreement" that governs the open end line of credit we have established for you (your Account). "You" and "your" refer to all persons who applied for the Account. "We," "us," and "our" refer to HSBC Bank Nevada, N.A. "Card" means any credit cards issued under this Agreement. You and we are bound by this Agreement from the earlier of the time you receive it or from the date of the first transaction, including, without limitation, the placement or posting of any Annual Fee on your Account.

You may cancel your Account before using it without paying any Annual Fee if you call us within 90 days of your Account open date, at the Customer Service number on the back of your card.

You agree to use your Account only for personal, family, household, or charitable purposes. You agree not to use your Account to make payments to us or to any of our affiliates. You agree to only use your Account for valid and lawful purposes and that if your Account is used for any other purposes you are responsible for such use and may be required to reimburse us and either MasterCard International Incorporated or Visa International for all resulting amounts and expenses.

### PROMISE TO PAY

You promise to pay according to the terms of this Agreement for all: (a) credit we extend to you or to anyone you authorize to use your Account; (b) Finance Charges, late charges, overlimit charges and administrative charges (e.g. for research, returned checks, etc.) provided in this Agreement; and (c) collection costs and attorneys' fees to the extent permitted by applicable law.

If your Account is a joint Account, each joint Accountholder is jointly and individually responsible for all amounts due under this Agreement regardless of death, divorce, other legal proceedings or any agreement that may affect liability between you. If either joint Accountholder denies liability for amounts owed we may close your Account. If we do, you must continue to pay according to the terms of this Agreement, but you will not be able to make new charges on your Account.

### USING YOUR ACCOUNT

You can access your Account using your Card or by other means approved by us which may include cash advance transactions. We may limit the dollar amount and/or frequency of any type of transaction without notice to you.

### YOUR CREDIT LIMIT

We will advise you of the total credit limit on your Account. All or a portion of your total credit limit is available for cash advances. Your total credit limit and cash advance limit may change from time to time. We will notify you of any such changes through your billing statement or by sending you a separate notice. If no

separate cash advance limit is listed on your billing statement, then the amount of your credit limit available for cash advances is your total credit limit.

You agree not to allow your unpaid balance to exceed your total credit limit. Your unpaid balance includes Finance Charges and other charges. We are not required to extend credit if you have exceeded your total credit limit or if the amount requested would cause you to exceed your total credit limit. If you exceed your total credit limit, you agree to pay us that excess amount immediately. Your total credit limit and cash advance limit may not reflect your payments for up to 14 days.

## PAYMENT

Each statement you receive from us will identify a Minimum Payment and Current Payment Due. The Minimum Payment is calculated as follows:

(1) If your New Balance is not more than $15, your Minimum Payment is the New Balance.

(2) If your New Balance is more than $15, your Minimum Payment is the greater of:

  (a) 1% of the New Balance shown on your statement plus the following:
   • any periodic Finance Charges,
   • any Monthly Maintenance Fee Finance Charge, or an amount equal to 1/12 of the Annual Fee, if applicable, or
  (b) $15.

(3) At our discretion, any Late Payment Fee and/or Overlimit Fee, and/or a portion or all of the overlimit amount may be added to your Minimum Payment. The Current Payment Due is the greater of:

(1) your Minimum Payment plus any amount past due, or

(2) the greater of:

  (a) 1% of the New Balance shown on your statement plus the following:
   • any periodic Finance Charges,
   • any Monthly Maintenance Fee Finance Charge, or an amount equal to 1/12 of the Annual Fee, if applicable, and
   • any amount over your credit limit, or
  (b) $15 plus any amount over your credit limit

An overlimit amount is the amount by which your New Balance exceeds your credit limit. Your Minimum Payment and Current Payment Due will be rounded up to the nearest dollar, unless doing so will cause the resulting value to exceed the New Balance.

You must pay at least the Current Payment Due in time to be credited to your Account by the Payment Due Date, and failure to do so constitutes a default of this Agreement. If you do not pay at least the Minimum Payment and any amount past due in time to be credited to your Account by the Payment Due Date, you may be assessed a late payment fee. Instructions for making payments are on your billing statement. For a payment to be credited to your Account as of a particular day, we must receive your payment by the date and time and in the manner specified in those instructions. The Payment Due Date is 25 days after the close of your billing cycle (the close of your billing cycle is the Statement Date on your billing statement). You must pay any overlimit or past due amount immediately. You may pay more than the Current Payment Due and may pay the entire New Balance at any time. All payments must be in U.S. dollars. Except for disputed payments, if you pay by mail the payment must be sent to the address

specified on your billing statement. If you pay by negotiable instrument, such as a money order or check, it must be in a form that is acceptable to us and must be drawn on a U.S. financial institution. Disputed payments, including those marked "Payment in Full" or otherwise restrictively endorsed, must be sent to the address for written inquiries shown on your statement. We can accept such payments, and any that are late or partial, without waiving our rights under this Agreement. By sending us a check for payment on your Account, you authorize us to initiate an electronic funds transfer from your bank or other financial institution account according to the terms of the check. This means that your check will be converted to an electronic transaction and your original check will not be returned to you by your bank. Your original check will be destroyed. Your checking or other financial institution account may be debited the same day we receive your check. If you do not want your checks to be converted to an electronic funds transfer, please call customer service at the phone number on the back of your card.

You may request a change to your billing cycle date no more than once a year. You agree that changes based on your request may shorten any Grace Period you may have or increase the time period for which periodic Finance Charges may accrue.

## CHECK BY PHONE

You agree we may add a fee to your Account each time a payment is made by telephone, even if the payment is made by someone other than you. This fee will be disclosed at the time such payment is requested.

## PROMOTIONAL RATE OFFERS

At our discretion, we may offer you a Promotional Annual Percentage Rate for any type of transaction. The period of time for which the promotional rate applies may be limited. Certain promotional offers may or may not be subject to Cash Advance Fees. Any promotional rate, the corresponding periodic rates, and the period of time during which it is in effect, will be disclosed to you. Any promotional rate offer will be subject to the terms of the offer and this agreement.

## APPLICATION OF PAYMENTS

At our discretion, payments are generally applied to interest, fees and then principal balances. We apply your payments to lower APR balances before higher APR balances. The application of payments is subject to change at any time, without notice.

## FINANCE CHARGES

Finance Charges are the total of (a) Periodic Finance Charges, (b) Cash Advance Fee Finance Charges, (c) Credit Limit Increase Fee Finance Charges, and (d) Monthly Maintenance Fee Finance Charges, (e) Minimum Finance Charge and (f) Foreign Transaction Fee Finance Charge.

(a) Periodic Finance Charges. Periodic Finance Charges are computed by multiplying the Average Daily Balance for each category of transactions shown on your statement (e.g., purchases, cash advances) by the applicable Daily Periodic Rate and then multiplying the result by the number of days in the billing cycle. To calculate the Daily Balances, we take the beginning debit balance for each category of transactions each day, add any new transactions, any previous day's periodic Finance Charges, any assessed fees and charges, and subtract any payments and/or credits. If a debit transaction posts after the beginning of your billing cycle, but the transaction occurred prior to the beginning of your billing cycle, the applicable Daily Balance will be adjusted to include the transaction amount and any previous day's periodic Finance Charges for each day the transaction amount was outstanding prior to the beginning of the current billing

cycle. Then, for each transaction category, we add all the Daily Balances for the billing cycle together and divide the total by the number of days in the billing cycle. This gives us the Average Daily Balance for each transaction category. For credit card purchases, periodic Finance Charges begin to accrue on the date of the transaction and continue to accrue until payment in full is credited to your Account. However, you have a Grace Period of 25 days on new credit card purchases. That means that if you paid the New Balance shown on your last statement by the Payment Due Date for that statement, you have until the Payment Due Date for your current billing cycle to pay your New Balance in full to avoid the imposition of periodic Finance Charges on new credit card purchases. If, however, you did not pay the New Balance in full by the Payment Due Date for the immediately preceding billing cycle, you will incur periodic Finance Charges on new credit card purchases (i.e., purchases appearing for the first time in the current cycle) from the date of the transaction and on the previously billed but unpaid credit card purchases from the first day of the current cycle.

For cash advances, including balance transfers and credit card checks, periodic Finance Charges begin to accrue on the date of the transaction and continue to accrue until payment in full is credited to your Account. There is no Grace Period for cash advances.

If periodic Finance Charges are to be assessed, all transactions will have periodic Finance Charges initially calculated using the Daily Periodic Rate in effect on the posting date. Periodic Finance Charges that accrue after the statement date will appear on the next statement.

## INDEX

A change in your mailing address may result in a change to your billing cycle.

For each billing cycle, the Index is determined in the month prior to the month in which the billing cycle ends. In that prior month, the highest Prime Rate published in *The Wall Street Journal* is selected (the "Index"). If the Index has changed, the new variable rates will take effect with the billing cycle that ends on or after the first day of the month following the Index change. An increase in the Index will increase your applicable Daily Periodic Rate for the Customary and Default APRs, which may increase the Finance Charge and the Minimum Payment due on your Account. Each time the APR changes, we will apply it to any existing balances, except balances subject to any Promotional or Introductory APRs that may apply.

## ANNUAL PERCENTAGE RATES AND PERIODIC RATES

The variable Customary APR applies to credit card purchases. The Daily Periodic Rate for the variable Customary APR is 1/365th of the sum of the Index plus 13.15% ("Spread"). If the Index has changed, the new Daily Periodic Rate for the variable Customary APR will take effect with the billing cycle that ends on or after the first day of the month following the Index change. The minimum rate of **FINANCE CHARGE** for the variable Customary APR is a Daily Periodic Rate of .05452% (corresponding 19.9% **ANNUAL PERCENTAGE RATE**). For example, for billing cycles beginning 2/1/06, the rate of **FINANCE CHARGE** for the variable Customary APR would have been a Daily Periodic Rate of .05452% (corresponding 19.9% **ANNUAL PERCENTAGE RATE**).

This variable Customary APR applies to cash advances, including cash advances made by credit card check. The Daily Periodic Rate for this variable Customary APR is based on 1/365th of the sum of the Index plus 16.9% ("Spread"). If the Index has changed, the new Daily Periodic Rate for this variable Customary APR will take effect with the billing cycle that ends on or after the first day of the month following the Index change. The minimum rate

of FINANCE CHARGE for this variable Customary APR is a Daily Periodic Rate of .05726% (corresponding 20.9% ANNUAL PERCENTAGE RATE). For example, for billing cycles ending 2/1/06, the rate of FINANCE CHARGE for this variable Customary APR would have been a Daily Periodic Rate of .06479% (corresponding 23.65% ANNUAL PERCENTAGE RATE).

If at any time you fail to make at least your Minimum Payment in time to be credited to your Account by the Payment Due Date, or you exceed your credit limit, the variable Default APR will apply to your entire Account balance. At our discretion, your Account may return to the applicable Customary APR after five consecutive months of on-time payments of at least the Current Payment Due, without exceeding your credit limit.

The Daily Periodic Rate for the variable Default APR is 1/365° of the sum of the Index, plus 20.99% ("Spread"). The minimum rate of FINANCE CHARGE for the variable Default APR is a Daily Periodic Rate of .06847% (corresponding 24.99% ANNUAL PERCENTAGE RATE). For example, for billing cycles ending 2/1/06, the rate of FINANCE CHARGE for the variable Default APR would have been a Daily Periodic Rate of .07600% (corresponding 27.74% ANNUAL PERCENTAGE RATE).

(b) Cash Advance Fee Finance Charge. A Finance Charge will be computed on the amount of each cash advance as of the date of the transaction. Cash advances include all advances to get cash over the counter, through an ATM, balance transfers, credit card checks, or other "cash-like" transactions (such as purchasing a money order, traveler's check, casino or betting chip, or a lottery ticket) as determined by us.

The Cash Advance Fee FINANCE CHARGE for all cash advances is 5% of the cash advance, with a minimum FINANCE CHARGE of $5. Any Cash Advance Fee Finance Charge may increase the actual Annual Percentage Rate on your Account.

(c) Credit Limit Increase Fee Finance Charge. If you request and are approved for a credit limit increase ("CLI"), a CLI Fee FINANCE CHARGE of up to 50% of the CLI may be charged to your Account, depending on your creditworthiness. Any CLI Fee Finance Charge may increase the actual Annual Percentage Rate on your Account.

(d) Monthly Maintenance Fee Finance Charge. A Monthly Maintenance Fee FINANCE CHARGE of $3.50 will be charged to your Account for each billing cycle whenever your Account is closed but has a debit balance. Any Monthly Maintenance Fee Finance Charge may increase the actual Annual Percentage Rate on your Account.

e) Minimum Finance Charge. There will be a Minimum FINANCE CHARGE of $2.00 for each billing cycle in which a periodic Finance Charge is payable. Any Minimum Finance Charge may increase the actual Annual Percentage Rate on your Account.

(f) Foreign Transaction Fee Finance Charge. A Foreign Transaction Fee FINANCE CHARGE equal to 1% of the U.S. dollar amount will apply to transactions made in a foreign currency. Your billing statement will list the transactions separately from the Foreign Transaction Fee Finance Charge. The Foreign Transaction Fee Finance Charge may cause the Annual Percentage Rate on the billing statement on which the purchase made in a foreign currency first appears to exceed the Nominal Annual Percentage Rate.

Annual Fee. If your Account has an Annual Fee, you agree to pay an Annual Fee each year your Account is open, or closed with a balance, in an amount to be set by us from time to time. Your initial Annual Fee is $69. You agree that the Annual Fee will be charged to your Account. If you close your Account within the

you have not used the Account.

The Annual Fee compensates HSBC Bank Nevada, N.A., in part, for cardmember services provided or made available to you throughout the membership year which includes, but is not limited to, the right of the cardmember to access customer service staff, the right of the cardmember to withhold payment of disputed charges, and the processing and mailing of the monthly billing statement.

Late Payment Fee. We may add a late payment fee to your Account for each billing cycle you fail to pay at least the Minimum Payment and any amount past due, in time to be credited to your Account by the end of your current billing cycle. The late fee will vary based on the amount of your outstanding balance on your Payment Due Date and will be: $30 if your balance is more than $0 up to and including $1000; or $35 if your balance is greater than $1000.

Overlimit Fee. We may add an overlimit fee to your Account if your balance exceeds your credit limit at any time during that billing cycle. We may impose this fee even if we authorize or impose any charges that cause your balance to exceed your credit limit. This Fee is $30.

Returned Check Charge/Returned Payment Fee. We may add a fee to your Account each time a credit card check (convenience check, balance transfer check, electronic check, etc.) is returned unsatisfied by us for any reason. This fee is $30.

We may add a fee to your Account each time a payment check, automatic payment deduction, or similar instrument is not honored or is returned unsatisfied by your bank or other financial institution. This Fee is $30.

Research Charge. You agree to pay $7 for each sales slip copy you request and $3 for each statement copy you request.

Stop Payment. We may add a $29 fee to the cash advance balance each time payment of credit card check is stopped at your request. You may stop payment on a credit card check by notifying us in writing at P.O. Box 81622, Salinas, CA 93912-1622 or by calling us at the telephone number listed on the billing statement. When you write, include the number, payee, amount, and date of the credit card check on which payment is to be stopped. If you call, you must confirm the call in writing within 14 days. A written stop payment will remain in effect for six months unless renewed in writing.

CHANGE OF TERMS (including FINANCE CHARGES)
WE MAY CHANGE OR TERMINATE ALL OR ANY PART OF THIS AGREEMENT OR ADD NEW TERMS AT ANY TIME, INCLUDING WITHOUT LIMITATION ADDING OR INCREASING FEES, INCREASING YOUR PERIODIC PAYMENT AND INCREASING THE RATE OR AMOUNT OF FINANCE CHARGE, OR CHANGING THE METHOD OF COMPUTING THE BALANCE UPON WHICH FINANCE CHARGES ARE ASSESSED. AMONG OTHER THINGS, WE MAY UNILATERALLY INCREASE YOUR APR, INCREASE FEES OR TAKE OTHER ACTION TO INCREASE THE COST OF CREDIT BASED ON A CHANGE IN YOUR CREDIT HISTORY, INCLUDING YOUR FAILURE TO MAKE TIMELY PAYMENTS TO ANOTHER CREDITOR OR US, AN INCREASE IN YOUR TOTAL OUTSTANDING DEBT, OR AN INCREASE IN THE USE OF YOUR CREDIT LINES. WRITTEN NOTICE WILL BE PROVIDED TO YOU WHEN REQUIRED BY APPLICABLE LAW. UNLESS OTHERWISE STATED, CHANGES APPLY TO BOTH NEW AND OUTSTANDING BALANCES.

You will be in default under this Agreement if: (a) you fail to make at least the Current Payment Due in time to be credited to your Account by the Payment Due Date; (b) you violate any other provision of this Agreement; (c) you die; (d) you become subject to bankruptcy or insolvency proceedings; (e) you supply us with misleading, false, incomplete or incorrect information; (f) we receive information from third parties, including credit reporting agencies, which indicate a serious delinquency or charge-off with other creditors; (g) you fail to provide us a physical address; (h) you exceed your credit limit; (i) your payment is returned unsatisfied by your bank or other financial institution for any reason; or (j) any credit card check is returned unpaid by us. Upon default, we have the right to close your Account, to terminate or suspend your credit privileges under this Agreement, to change the terms of your Account and this Agreement, to require you to pay your entire Account balance including all accrued but unpaid charges immediately, and to sue you for what you owe. If you do not pay us, your Account balance will continue to accrue Finance Charges and fees until paid in full and will remain subject to all the terms and conditions of this Agreement. If we sue you, or if we hire a third party to collect your Account balance, you will pay our court costs, reasonable attorneys' fees and other collection costs related to the default to the extent permitted by law in the state in which you reside, and we will apply your payments first to attorneys' fees and other costs and then to principal and unpaid Finance Charges.

CREDIT AUTHORIZATIONS
Some purchases will require our prior authorization and you may be asked by the merchant to provide identification. If any part of the authorization system is not working, we may not be able to authorize a transaction, even if you have sufficient available credit. We will not be liable to you if any of these events happen. We are not responsible for the refusal of any merchant to accept or honor your Card.

CARD RENEWAL
Cards are issued with an expiration date. We have the right not to renew your Card for any reason.

ACCOUNT CLOSURE
We may close your Account, suspend your credit privileges, or reduce your credit limit at any time and for any reason, subject to the requirements of applicable law. In any of these events, your Account balance will continue to accrue Finance Charges and fees until paid in full, and will remain subject to all the terms and conditions of this Agreement. If we close your Account, you agree to destroy your Card(s) and any unused credit card checks. If your Account has been closed, or your credit privileges are suspended, you may not use your Card or credit card checks.

CLOSING YOUR ACCOUNT
You may close your Account at any time by writing to us at P.O. Box 81622, Salinas, CA 93912-1622. If you close your Account, you must immediately pay everything you owe us, including any amounts owed but not yet billed to you, in order to avoid the accrual of Finance Charges and other fees. If you do not pay us, your Account balance will continue to accrue Finance Charges and other fees, and will remain subject to all the terms and conditions of this Agreement. Upon closing your Account, you also agree to destroy your Card(s) and any unused credit card checks. If you close your Account you may not use your Card or credit card checks.

AG2507 (2/06) CI

## LIABILITY FOR UNAUTHORIZED USE

You should retain copies of all charge slips until you receive your statement, at which time you should verify that the charges are true and the amounts unaltered. You may be liable for the unauthorized use of your credit card. You will not be liable for unauthorized use that occurs after you notify us of the loss, theft or possible unauthorized use. Notification must be given by writing us immediately upon learning of the loss, theft or possible unauthorized use at P.O. Box 81622, Salinas, CA 93912-1622 or calling us at the telephone number listed on your billing statement. You will not be liable for any unauthorized use of your credit card Account when you notify us immediately at the phone number or address above. In any case, your liability for unauthorized use of your credit card will not exceed $50.

## SECURITY

We are extending you an unsecured line of credit. We therefore waive any security interest that might arise under this Agreement due to language in other loan agreements you may have with us.

## LOST OR STOLEN CREDIT CARD CHECKS

You agree to notify us immediately if any credit card checks are lost or stolen. You may notify us by calling (800) 395-4500.

## CHANGE OF NAME, ADDRESS, TELEPHONE NUMBER OR EMPLOYMENT

You agree to give us prompt notice of any change in your name, mailing address, telephone number or place of employment.

## FOREIGN TRANSACTIONS FOR MASTERCARD® ACCOUNTS

If you effect a transaction with your MasterCard card in a currency other than U.S. dollars, MasterCard International Incorporated will convert the charge into a U.S. dollar amount. MasterCard International will use its currency conversion procedure, which is disclosed to institutions that issue MasterCard® cards. Currently, the currency conversion rate used by MasterCard International to determine the transaction amount in U.S. dollars for such transactions is generally either a government-mandated rate or a wholesale rate determined by MasterCard International for the processing cycle in which the transaction is processed, increased by an adjustment factor established from time to time by MasterCard International. The currency conversion rate used by MasterCard International on the processing date may differ from the rate that would have been used on the purchase date or cardholder statement posting date.

## FOR VISA® ACCOUNTS

If you incur a charge in a foreign currency, the charge will be converted by Visa International into a U.S. dollar amount. Visa International will use the procedures set forth in its Operating Regulations in effect at the time that the transaction is processed. Currently, those Regulations provide that the currency conversion rate to be used is either (1) a rate selected by Visa from the range of rates available in wholesale currency markets for the applicable central processing date, which rate may vary from the rate Visa itself receives, or (2) the government-mandated rate in effect for the applicable central processing date, in each instance. The currency conversion rate in effect on the processing date may differ from the rate in effect on the transaction date or the posting date.

## FOREIGN TRANSACTIONS

If you make a transaction in a foreign currency, the transaction will be converted by Visa International or MasterCard International, depending on which card you use, into a U.S. dollar amount in accordance with its operating regulations or conversion procedures in effect at the time the transaction is processed. Currently, those regulations and procedures provide that the currency conversion rate to be used is either (1) a wholesale market rate, or (2) a government-mandated rate in effect on either (i) the applicable central processing date, or (ii) one day prior to the processing date. The currency conversion rate in effect on the processing date may differ from the rate in effect on the transaction date or posting date.

## APPLICABLE LAW

This Agreement and your Account will be governed by federal law and the laws of the state of Nevada, whether or not you live in Nevada and whether or not your Account is used outside Nevada. This Agreement is entered into in Nevada and all credit under this Agreement will be extended from Nevada.

## ASSIGNMENT OF ACCOUNT

We may sell, assign or transfer your Agreement and Account or any portion thereof without notice to you. You may not sell, assign or transfer your Account.

## CERTAIN AUTHORIZATION PRACTICES

You agree that from time to time we may receive credit information concerning you from others, such as stores, other lenders, and credit reporting agencies, and that we may use this information to amend, cancel or suspend your credit privileges under this Agreement even if you are not in default with us. You agree that the Department of Motor Vehicles may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen and record telephone calls between you and our representatives in order to evaluate the quality of our service to you and to other cardmembers. For additional information regarding our privacy practices, please refer to our Privacy Statement, which is provided with this Cardmember Agreement.

## CREDIT REPORTING

If you fail to fulfill the terms of this Agreement, a negative report reflecting on your credit record may be submitted to a credit reporting agency. If any specific information related to your Account transactions or credit experience with us is inaccurate, you may notify us and request us to correct the inaccurate information (after confirmation of the alleged error) reported to any credit reporting agency by writing to us at P.O. Box 98706, Las Vegas, NV 89193.

## WAIVER

We may choose to delay enforcing or waive any of our rights under this Agreement in certain situations. We can delay enforcing or waive any of our rights without affecting our other rights. If we waive a right, we do not thereby waive the same right in other situations.

## SEVERABILITY

If any provision of this Agreement is finally determined to be void or unenforceable under any law, rule or regulation, all other provisions of this Agreement will remain valid and enforceable.

## ARBITRATION

You agree any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following two arbitration administrators: the National Arbitration Forum ("NAF") or JAMS. The arbitrator shall be a lawyer with more than ten years experience or a retired or former judge. We agree not to invoke our right to arbitrate an individual Claim you may bring in small claims court or an equivalent court, if any, so long as the Claim is pending only in that court. The rules and forms of the NAF and JAMS may be obtained by writing to these organizations at the addresses listed below. Our address for service of process under this provision is HSBC Card Services Inc., P.O. Box 98740, Las Vegas, NV 89193-8740.

Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties. On any Claim you file, you will pay the first $50 of the filing fee. At your request we will pay the remainder of the filing fee and any administrative or hearing fees charged by the arbitration administrator on any Claim submitted by you in arbitration up to a maximum of $1,500. If you are required to pay any additional fees to the arbitration administrator, we will consider a request by you to pay all or part of the additional fees; however, we shall not be obligated to pay any additional fees unless the arbitrator grants you an award. If the arbitrator grants an award in your favor, we will reimburse you for any additional fees paid or owed by you to the arbitration administrator up to the amount of the fees that would have been charged

if the original Claim had been for the amount of the actual award in your favor. The parties shall bear the expense of their respective attorney's fees, except as otherwise provided by law. If a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in our favor, you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.

This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 - 16 (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA and provide written reasoned findings of fact and conclusions of law. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. The parties agree that the award shall be kept confidential. Judgment upon the award may be entered in any court having jurisdiction. This arbitration agreement shall survive termination of your Account as well as the repayment of all amounts borrowed hereunder. If any portion of this arbitration agreement is deemed invalid or unenforceable under any law or statute consistent with the FAA, it shall not invalidate the remaining portions of this arbitration agreement or the Agreement. In the event of a conflict or inconsistency between the rules and procedures of the arbitration administrator and this arbitration agreement, this arbitration agreement shall govern. No class actions or joinder or consolidation of any Claim with the claim of any other person are permitted in arbitration without the written consent of you and us.

# ORCHARD BANK GOLD

PLAINTIFF'S
EXHIBIT
B

PENGAD 800-631-6989

MICHAEL N PHAN - Valued Cardmember Since 2006

Page 1 of 2

## ACCOUNT SUMMARY

| | |
|---|---|
| ACCOUNT NUMBER | ████████-7146 |
| CASH CREDIT LIMIT † | $300 |
| CASH LIMIT AVAILABLE | $0 |
| TOTAL CREDIT LIMIT | $300 |
| TOTAL CREDIT LIMIT AVAILABLE | $0 |
| STATEMENT DATE | 12/05/07 |

† Cash Credit Limit is a portion of the Total Credit Limit

## PAYMENT SUMMARY

| | |
|---|---|
| MINIMUM PAYMENT* | $17 00 |
| PAYMENT DUE DATE | 12/30/07 |
| OVERLIMIT AMOUNT | $66 90 |
| CURRENT PAYMENT DUE* | $83 90 |

*To avoid an overlimit fee on your New Balance, you must pay the Current Payment Due (which includes the Minimum Payment and any Overlimit Amount) * See About Your Payment on reverse for an explanation of these amounts.*

## BALANCE SUMMARY

| | | |
|---|---|---|
| PREVIOUS BALANCE | | $283 01 |
| PAYMENTS/CREDITS | – | $20 00 |
| PURCHASES/DEBITS | + | $97 41 |
| LATE PAYMENT CHARGE | + | $0 00 |
| MISC. FINANCE CHARGE | + | $0 00 |
| FINANCE CHARGE | + | $6 48 |
| NEW BALANCE | = | $366 90 |

## TRANSACTION SUMMARY

(For additional transaction detail go to www.orchardbank.com)

| TRANS DATE | POST DATE | TRANSACTION DESCRIPTION | REFERENCE NUMBER | AMOUNT CHARGES | CREDITS |
|---|---|---|---|---|---|
| 11/24 | 11/24 | PAYMENT - THANK YOU | 51124078253005051231440 | | -$20 00 |
| 10/22 | 11/17 | FEDEX KINKO'S #0646  JACKSONVILLE FL | M107321009400010167112 | $3 17 | |
| 11/28 | 11/29 | BLOCKBUSTER VIDEO #120 JACKSONVILLE FL | M107333010800010161301 | $13 47 | |
| 12/01 | 12/03 | BARNES & NOBLE #268Q90 JACKSONVILLE FL | M107337010100010144478 | $1 77 | |
| 12/05 | 12/05 | ANNUAL FEE ASSESSED | 10000000508000099647240 | $79 00 | |

SEE REVERSE FOR CARD RENEWAL INFORMATION

## PERIODIC FINANCE CHARGE SUMMARY

This is a grace  account Grace period information on back

| | Balance Subject To Finance Charge Average Daily Balance | Daily Periodic Rate | Days In Billing Cycle | Finance Charges At Periodic Rate | NOMINAL ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|
| PURCHASES | $289 43 | 0 07463% | 30 | $6 48 | 27 24% |
| CASH ADVANCES | $0 00 | 0 00000% | 30 | $0 00 | 28 49% |
| ANNUAL PERCENTAGE RATE** | 27.240% | | | | |

**May be higher then Nominal Percentage Rate if statement includes misc  finance charges

---

✔ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 5222
CAROL STREAM  IL 60197-5222

☎ **QUESTIONS?**
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH 1-503-293-4037
ESPAÑOL 1-503-293-4834
🖳 Manage your account online at:
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

1105015  05  0000000508  G    STMT07  D 3              00078582      ODS1     00014311   12N45KN8NNNN

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT  To Assure Proper Credit Please Write Your Account  Number On Your Check

| Account Number | ████████-7146 |
|---|---|
| New Balance | $366 90 |   Minimum Payment   $17 00 |
| Payment Due Date | 12/30/07 |   Current Payment Due   $83 90 |

Include account number on check to HSBC CARD SERVICES.  Do not send cash. Send payment 7 to 10 days prior to Payment Due Date to ensure timely delivery. To avoid an overlimit fee on your New Balance, pay the Current Payment Due.

Amount Enclosed   $

#BWNHYTS
#25800681 17146#
MICHAEL N PHAN
9401 OSPREY BRANCH TRL UNIT 9
JACKSONVILLE FL  32257-8159

HSBC CARD SERVICES
PO BOX 5222
CAROL STREAM  IL  60197-5222

5120255006817146000008390000366907

MICHAEL N PHAN - Valued Cardmember Since 2006

**IMPORTANT INFORMATION**

Your variable Customary APR will be based on 1/365th of the sum of the highest Prime Rate(s) published in The Wall Street Journal in the month prior to the month in which the billing cycle ends ("Index") plus 19.74% ("Spread") and will never be less than 26 99% APR.  If at anytime your Minimum Payment is received and posted after the Payment Due Date, you exceed the credit limit on this Account or any other account you have with us or our affiliates, or you are otherwise in default under the terms of your Cardmember Agreement, a variable Default APR of "Index" plus 22.24% ("Spread") will apply and will never be less than 29.49% APR.

**\*\*\*\*\*\*\*\*\*\*CARDMEMBER NEWS\*\*\*\*\*\*\*\*\*\***

To learn about services we offer to protect your account at times of need, call 800-690-1532.

✓ **MAIL PAYMENTS TO:**
HSBC CARD SERVICES
PO BOX 5222
CAROL STREAM IL  60197-5222

☎ **QUESTIONS?**
24-HOUR AUTOMATED ACCOUNT INFORMATION
ENGLISH  1-503-293-4037
ESPAÑOL  1-503-293-4834
🖳 **Manage your account online at:**
www.orchardbank.com

✉ **MAIL INQUIRIES TO:**
HSBC CARD SERVICES
PO BOX 80084
SALINAS CA 93912-0084

1105015  05  0000000508  G  STMT07  D 3                00078582      ODS1

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT  To Assure Proper Credit Please Write Your Account Number On Your Check

$

# ORCHARD BANK®

PO Box 80084
Salinas, CA 93912-0084

MICHAEL N PHAN
9401 OSPREY BRANCH TRL UNIT 9
JACKSONVILLE, FL 32257-8159

February 11, 2008





PLAINTIFF'S
EXHIBIT
C

RE: ████████████7146

Dear MICHAEL N PHAN:

Unfortunately, we are unable to comply with your request to remove the annual membership fee from your account. According to your Cardmember Agreement and Disclosure Statement, an annual fee will be billed to your account on the open date and on the anniversary date each year the account is open. This fee allows us to continue to provide quality service to our customers.

You are important to us and we appreciate your business. Should you have any questions concerning your account, please contact our Customer Service Department at (503)293-4037. Please refer to the following reference number: 7169-10FEB08.

Sincerely,

ORCHARD BANK GOLD MASTERCARD
Customer Service Department
P65687/CORINQ

HSBC Card Services Inc. and/or HSBC Card Services (II) Inc., affiliates of HSBC Bank Nevada, N.A. (the issuer of this Account), provide administrative and processing services for this credit card or line of credit program.

**HSBC ⟨X⟩**

PO Box 80084
Salinas, CA 93912-0084

MICHAEL N PHAN
9401 OSPREY BRANCH TRL UNIT 9
JACKSONVILLE, FL 32257-8159

January 2, 2008



IııIIııIIıIıIIıIIıIIııIIıIııIIIıIIIıIIıIIıııIIıIIıIıI

                                        RE:

Dear MICHAEL N PHAN:

We are writing to you regarding your Account number
██████████7146 issued by HSBC Bank Nevada, N.A.

We have received notification from TransUnion that you are
disputing your Orchard Account.

The information we received from the credit bureau did not
specifically explain your dispute.  We have researched our
Account records and determined that your Account is
reporting to the bureaus as follows:

Account closed with a balance of $368.67 as of the date of
this letter.

If you still dispute this item, you may write to us at:

HSBC Bank
Attention: Bureau Dispute Processing
PO Box 5253
Carol Stream, IL 60197.

You are important to us and we appreciate your business.
Should you have any questions concerning your account,
please contact our Customer Service Department at
(800)216-1013.  Please refer to the following reference
number: 1174028DEC07.

Sincerely,

HSBC MASTERCARD
Customer Service Department
S62852/WCRD1



PLAINTIFF'S
EXHIBIT
D

HSBC Card Services Inc and/or HSBC Card Services (II) Inc , affiliates of HSBC Bank Nevada, N A (the issuer of this Account),
provide administrative and processing services for this credit card or line of credit program.

# HSBC ◆◇◆

September 28, 2009

MICHAEL N PHAN
9401 OSPREY BEACH TRAIL UNIT 9
JACKSONVILLE, FL 32257

RE: ⬛⬛⬛⬛⬛17146

Dear MICHAEL N PHAN:

We have received your credit bureau dispute regarding your Account issued by HSBC Bank Nevada, N.A.

The information we received from the consumer-reporting agencies did not clearly explain your dispute. We have reviewed our records and determined that your Orchard Bank Account is being reported to the three major consumer-reporting agencies as follows:

Unpaid balance of $283.19 reported as a loss/charge-off.

Please contact our Recovery Department at 1-800-388-5333 with any further questions.

If you still wish to dispute this item, please submit a written request to:

HSBC Card Services
Attn: Bureau Dispute Processing
PO Box 5253
Carol Stream IL 60197

For your reference, your Account is serviced by HSBC Card Services, Inc. and is listed as HSBC NV on your credit report.

You are important to us and we appreciate your business.

Sincerely,

Orchard Bank
Customer Service Department
A30362

**HSBC Card and Retail Services**
P.O Box 15521, Wilmington, DE 19850-5521

# HSBC ◆X◆

PO Box 60167
City of Industry, CA 91716-0167

MICHAEL PHAN
9401 OSPREY BRANCH TRL UNIT 9                           December 29, 2009
JACKSONVILLE, FL 32257-8159



RE:

Dear MICHAEL PHAN:

We have received your credit bureau dispute regarding your
Orchard Account number ▓▓▓▓▓▓▓▓▓7146 issued by HSBC Bank
Nevada, N.A.

If you believe the balance on your Account is incorrect,
please provide us with written detailed information,
including dates, amounts, merchant name (if applicable),
and a brief description of the error.

Notifying us by telephone will not preserve your billing
rights.  For more information regarding your billing
rights, please refer to the back of your billing statement.

You are important to us and we appreciate your business.
Should you have any questions concerning your account,
please contact our Customer Service Department at
(800)216-1013.  Please refer to the following reference
number:  5006-23DEC09.

Sincerely,

HSBC MASTERCARD
Customer Service Department
B34117/WCRD1

HSBC Card Services Inc., an affiliate of HSBC Bank Nevada, N.A. (the issuer of this Account), provides administrative and processing
services for this credit card or line of credit program.



March 12, 2010

MICHAEL NHUT PHAN
9401 OSPREY BRANCH TR UNIT 9
JACKSONVILLE, FL 32257-

RE: ▓▓▓▓▓▓▓▓▓▓▓7146

Dear MICHAEL NHUT PHAN:

We have received your credit bureau dispute regarding your Account issued by HSBC
Bank Nevada, N.A.

The information we received from the consumer-reporting agencies did not clearly explain
your dispute. We have reviewed our records and determined that your Orchard Bank
Account is being reported to the three major consumer-reporting agencies as follows:

Account was sold to Portfolio Recovery.

You may contact them at 800-772-1413 with any further questions.

If you still wish to dispute this item, please submit a written request to:

HSBC Card Services
Attn: Bureau Dispute Processing
PO Box 5253
Carol Stream IL 60197

For your reference, your Account is serviced by HSBC Card Services, Inc. and is listed as
HSBC NV on your credit report.

You are important to us and we appreciate your business.   Should you have any
questions concerning your account, please contact our Customer Service Department at
(800)388-5333.

Sincerely,

Orchard Bank
Customer Service Department
A12142

**Portfolio Recovery Associates, LLC**
*We're giving debt collection a good name.*

January 7, 2010                     Balance: $604.05
Account/Reference No.: ████████7146
HSBC BANK NEVADA N.A./Orchard Bank/Non Prime

**www.portfoliorecovery.com** ◄

## Welcome to Portfolio Recovery Associates!

Portfolio Recovery Associates purchased the account referenced above on 12/21/09. Interest continues to accrue on this account until the account is satisfied. The stated balance includes interest as of the date of this letter. All future payments and correspondence for this account, including credit counseling service payments, should be directed to us.

> Call toll-free at 1-800-772-1413 to discuss payment arrangements.
> 7:30 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., & 2 PM to 9 PM Sun. (EST)
> Contact us at help@portfoliorecovery.com to communicate with us by e-mail.

**Various Payment Options Available Including:**

| Pay by Phone: ☎ | Mail: ✉ | Online: 💻 |
|---|---|---|
| • Authorize automatic withdrawals from your bank account <br><br> • Complete a credit card* payment | • Complete the attached coupon <br> • Make all checks and payments to: <br><br> Portfolio Recovery Associates, LLC <br> P.O. Box 12914 <br> Norfolk, VA 23541 | • Complete a payment from your checking account or credit card* <br> • Pay online at: www.portfoliorecovery.com |

* See back for information about credit card transaction fees that may be applied by third party vendors.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this notice in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

This letter is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

### Notice: See Reverse Side for Important Information

*** PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT ***

Dept 922
PO BOX 4115
Concord, CA 94524

Account/Reference Number: ████████7146

Payment Amount: _____

Address Service Requested

#BWNFTZF #PRA5592729110012#

MICHAEL N PHAN
9401 OSPREY BRANCH TRL
JACKSONVILLE FL 32257-8158



PLAINTIFF'S
EXHIBIT
E
PENGAD 800-631-6989

001
PORTFOLIO RECOVERY ASSOCIATES LLC
P.O. BOX 12914
NORFOLK VA 23541

DX 12914
K, VA 23541

016H26509164

Hasler

$ 00.44 0
02/04/2010
Mailed From  23502
US POSTAGE

32257+8153

9401 Osprey Branch Trail Unit 9
Jacksonville, FL 32257
T (904) 425-2616
F (904) 458-8991
E michael.p.esq@gmail.com

January 19, 2010

**VIA CERTIFIED MAIL/Return Receipt Requested**

Portfolio Recovery Associates, LLC.
P. O. Box 12914
Norfolk, VA 23541

PLAINTIFF'S
EXHIBIT
F
PENGAD 800-631-6989

     Re:    Account #: ▮▮▮▮▮▮▮7146

Dear Portfolio Recovery Associates:

     Please be advised that I have received your debt communication letter dated January 7, 2010 , concerning the above referenced account or debt. This is the first I have heard about your company is attempting to collect a debt, or any other company on this matter, therefore, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), I demand that you provide validation of the alleged debt.

     You may validate the alleged debt by providing the following information:
1.     Provide validation of said debt;
2.     Provide copy of the assignment or a purchased agreement of said debt;
3.     Provide a verification or copy of any judgment, if applicable;
4.     Provide copy of the original application that was used to established the above referenced account;
5.     Provide copy of all billing statements concerning the outstanding balance, late fees, and finance charge, if any.

     Be advised that I am fully aware of my rights under the FDCPA and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA). I know that:
- Because I have disputed this debt in writing, you must obtain verification of the debt or a copy of the judgment;
- You are prohibiting to add interest or fees except those allowed by the original contract or state law.
- You do not have to respond to this dispute, but if you do, you are requiring to validate it, any attempt to collect this debt without validating, violates the FDCPA.
- Until validated, you should know that your information concerning this debt is inaccurate;
- If you have already reported this debt to any consumer credit reporting agency, then, you must immediately inform them of my dispute with this debt.
- Reporting false information that you know to be inaccurate or failing to report information correctly violates the FCRA.

     Until advise otherwise, you should record this debt is disputed, if you do not own this debt, I respectfully request that you immediately send a copy of this dispute letter to the creditor, so they are also aware of our dispute with this debt.

                  Very Truly Yours

                  Michael Phan

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Portfolio Recovery Assoc., LLC.
P.O. Box 12914
Norfolk, VA 23541

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Francisco Aquire_ ☐ Agent ☐ Address

B. Received by (Printed Name)
Francisco Roque Jr     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
1-22-10

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7009 2250 0003 1004 8911

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-18

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

NORFOLK, VA 23541

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0217 |
| Certified Fee | $2.80 | 19 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 01/19/2010 |

Sent To
Portfolio Recovery Associates, LLC
Street, Apt. No.; or PO Box No. P.O. Box 12914
City, State, ZIP+4 Norfolk, VA 23541

7009 2250 0003 1004 8911

PS Form 3800, August 2006   See Reverse for Instructions

Michael Phan
9401 Osprey Branch Trail Unit 9
Jacksonville, FL 32257
T (904) 425-2616
F (904) 458-8991
E michael.p.esq@gmail.com

March 3, 2010

**VIA CERTIFIED MAIL/Return Receipt Requested**
No. 7009 2250 0003 1003 6789

Equifax Credit Information Services, Inc.
P.O. Box 740241
Atlanta, GA 30374



RE:   **Portfolio Recovery Associates, LLC.**
      **Account #: HSBC 5120255006817146**

Dear Equifax:

    This letter is served as formal complaint and request to delete false, misleading, inaccurate or incomplete credit information show on my credit file maintained by you pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et al.* ("The FCRA").

    The items as following are erroneous:

    (1). Date Opened;
    (2). Balance;
    (3). Amount Past Due;
    (4). Date Major Delinquency First Occurred;
    (5) Date of Last Activity; and
    (6) Current Status.

    I have enclosed copy of the credit report confirmation #: 0558652395 your organization provided to me on February 27, 2010, and circle in blue ink the items that I disputed.

    The above account was opened on November 25, 2006, soon after it was opened I requested the account to be closed due to disagreement as regarded to the annual fees govern this credit account between me and the creditor. The original creditor was HSBC, in many instances I have filed billing disputed with this creditor, however, in many instances, HSBC failed to comply as required by them under the Fair Credit Billing Act, 15 U.S.C. 1666j. Copies of communications exchanged between HSBC and me enclosed herein for your references.

    Not so long ago, I disputed the HSBC account with your organization and after you have conducted an investigation, you provided the results of investigation, which you have certified to me, that you have deleted the HSBC's account.

    Now, Porfolio Recovery Associates, a debt buyer, is attempting to collect on a debt that is extinguished by law, that its knew or could have known it is not bona fide debt. I have filed disputed with Portfolio, but Portfolio failed to provide any evidence substantiating that the alleged debt is a bona fide debt.

With the above reasons, I do hereby requested that you immediately delete the items circle from the report because they are false, misleading, inaccurate or incomplete, or in alternative, delete the entire trade line.

If you refuse to delete these items, it is because you believe that these items are accurate based on information furnished by Portfolio, I demand that you forward to me in writing, a description of the procedure used to determine the accuracy and completeness of the item disputed, as well as any relevant information provided by Portfolio to substantiating the above errors are accurate or complete as reporting, within 15 days of the completion of your re-investigation as required by the FCRA, 15 U.S.C. § 1681i(a) (7). Furthermore, I request that you completed the reinvestigation within 30 days and forward the results and an update credit disclosure to me via U.S. Mail at the address list above.

Please forward all relevant information to Portfolio, so they can reasonably conduct an investigation.

Respectfully submitted:

Michael Phan

Enclosures:

CC: Portfolio Recovery Associates, LLC. 120 Corporate Blvd. Suite 100, Norfolk, VA 23502-4962

**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

ATLANTA, GA 30374    D I A L    U S E

| Postage | $ | $0.78 | 0217 |
|---|---|---|---|
| Certified Fee | | $2.80 | 19 |
| Return Receipt Fee (Endorsement Required) | | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.88 | 03/05/2010 |

Sent To
*Equifax*

Street, Apt. No.; or PO Box No.
*P.O. Box 740241*

City, State, ZIP+4
*Atlanta, GA 30374*

7009 2250 0003 1003 6789

PS Form 3800, August 2006        See Reverse for Instruct

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Equifax Credit Info Serv. Inc*
*P.O. Box 740241*
*Atlanta, GA 30374*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                      ☐ Addre

B. Received by (Printed Name)   C. Date of Deli
MAR 0 8 2010

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchan
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        ☐ Yes

2. Article Number
   *(Transfer from servic*     7009 2250 0003 1003 6789

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M

Michael Phan
9401 Osprey Branch Trail Unit 9
Jacksonville, FL 32207
T (904) 425-2616
F (904) 458-8991
E michael.p.esq@gmail.com

March 26, 2010

**VIA CERTIFIED MAIL/Return Receipt Request**
No. 7009 2250 0003 1004 8959

PENGAD 800-631-6989
PLAINTIFF'S
EXHIBIT
H

Experian Information Solutions, Inc.
P.O. Box 2002
Allen, TX 75013

Re:     HSBC Account #: 5120-2550-0681-7146
        Portfolio Recovery Associates, LLC., Account #: 5120-2550-0681-7146
        Experian File #: 3993-4641-52

Dear Sir or Madam:

This letter is served as formal complaint and request to delete false, misleading, inaccurate or incomplete credit information furnished by HSBC Bank Nevada, N.A. (herein "HSBC") and Portfolio Recovery Assoiates, LLC (herein "PRA").

Portion of the Experian credit files is attached, whereas the erroneous credit information marking with blue ink is disputed.

Within this credit file, HSBC have reported that the above reference account was charge off and unpaid balance and had derogatory payments history. This credit information furnished and reported by HSBC is false and misleading. Therefore, I am respectfully request that you investigate all information relates to the HSBC's account.

The same with PRA, the credit information furnished by PRA is also false and misleading. Specifically, PRA asserted that this account was opened on December 21, 2009 with a credit limit or original amount of $609.00, as well as recent balance of $609.00 as of February 2010 and had derogatory payment history.

Regarding the PRA's account, please delete the entire trade line because I do not owe PRA any debt, or had an account open with PRA. If you refuse to delete this account, I asked that you provide proof as follows:

    (1) Provide a copy of the contract or similar evidence substantiating the creation of the account as
        well as the debt in question;
    (2) Provide proof that I owe or due to PRA, in the sums of $609.

If you are not able to verify these information with PRA, I demand that you delete the PRA representation and/or trade line from my file.

In supporting with the disputed and deletion of false credit information, enclosed herewith, please find exchanged communications and correspondences between me and HSBC, as well as PRA. In addition, to these communications records, I have enclosed billing statements, payment receipts, and copy of the Agreement govern this account in supporting my disputed.

In addition to these relevant documents, I have enclosed copy of my driver license and social security card as proof of my identity.

Please carefully exam these relevant documents and follow procedures to conduct a reasonable investigation pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

Also, please forward all relevant information provided herewith to HSBC and PRA when you notify them that I have disputed the credit information maintained by you.

I anticipated that you will be completed the reinvestigation within 30 days, upon your completion, please provide to me the results of the investigation, as well as full disclosure of my credit file.

Thank you for your assistance to this matter.

Respectfully submitted:

Michael Phan

Enclosures:

1.   Consumer letter dated December 9, 2007.
2.   HSBC's statement dated December 5, 2007.
3.   HSBC's letter dated December 19, 2007.
4.   HSBC's letter dated December 28, 2007.
5.   HSBC's statement dated January 6, 2008.
6.   Consumer's letter dated January 12, 2008.
7.   HSBC' statement dated February 5, 2008.
8.   HSBC's letter dated February 11, 2008.
9.    Consumer's letter dated February 14, 2008.
10.  Consumer letter dated February 21, 2008
11.  HSBC's statement dated March 5, 2008
12.  Consumer's letter dated March 13, 2008
13.  HSBC's letter dated March 2, 2009
14.  Consumer's letter dated March 12, 2009
15.  Consumer's payment receipt, check 1009, dated March 11, 2009.
16.  Consumer's disputed with HSBC dated December 5, 2009
17.  PRA's debt communications dated January 7, 2010.
18.  Consumer's disputed letter dated January 19, 2010.
19.  HSBC's cardmember agreement and disclosure statement dated February 2006
20.  Experian report dated March 17, 2010

CC:   Federal Trade Commissioner
      Comptroller of the Currency

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian
P.O. Box 2002
Allen, TX 75013

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ EXPERIAN
701 EXPERIAN PARKW ☐ Agent
☐ Addre

B. Received by ( Printed Name ) ____ C. Date of Deli
MAR 3 1 2010

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchan
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7009 2250 0003 1004 8959

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| ALLEN TX 75013 | | |
|---|---|---|
| Postage | $ $0.44 | 0217 |
| Certified Fee | $2.80 | 14 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 03/26/2010 |

Sent To   Experian
Street, Apt. No.;
or PO Box No   P.O. Box 2002
City, State, ZIP+4   Allen, TX 75013

PS Form 3600, August 2006    See Reverse for Instru

7009 2250 0003 1004 8959

Michael Phan
9401 Osprey Branch Trail Unit 9
Jacksonville, FL 32207
T (904) 425-2616
F (904) 458-8991
E michael.p.esq@gmail.com

March 26, 2010

**VIA CERTIFIED MAIL/Return Receipt Request**
No. 7009 2250 0003 1004 8966

Trans Union, LLC
P.O. Box 2000
Chester, PA 19022

Re:     HSBC Account #: 5120-2550-0681-7146
        Portfolio Recovery Associates, LLC., Account #: 5120-2550-0681-7146
        Trans Union File #: 161956556

Dear Sir or Madam:

This letter is served as formal complaint and request to delete false, misleading, inaccurate or incomplete credit information furnished by HSBC Bank Nevada, N.A. (herein "HSBC") and Portfolio Recovery Associates, LLC (herein "PRA").

Portion of the Trans Union credit files is attached, whereas the erroneous credit information marking with blue ink is disputed.

Within this credit file, HSBC have reported that the above reference account was charge off and unpaid balance and had derogatory payments history. This credit information furnished and reported by HSBC is false and misleading. Therefore, I am respectfully request that you investigate all information relates to the HSBC's account.

The same with PRA, the credit information furnished by PRA is also false and misleading. Specifically, PRA asserted that this account was opened on December 21, 2009 with a credit limit or original amount of $609.00, as well as recent balance of $609.00 as of February 2010 and had derogatory payment history.

Regarding the PRA's account, please delete the entire trade line because I do not owe PRA any debt, or had an account open with PRA. If you refuse to delete this account, I asked that you provide proof as follows:

(1) Provide a copy of the contract or similar evidence substantiating the creation of the account as well as the debt in question;
(2) Provide proof that I owe or due to PRA, in the sums of $609.

If you are not able to verify these information with PRA, I demand that you delete the PRA representation and/or trade line from my file.

In supporting with the disputed and deletion of false credit information, enclosed herewith, please find exchanged communications and correspondences between me and HSBC, as well as PRA. In addition, to these communications records, I have enclosed billing statements, payment receipts, and copy of the Agreement govern this account in supporting my disputed.

In addition to these relevant documents, I have enclosed copy of my driver license and social security card as proof of my identity.

Please carefully exam these relevant documents and follow procedures to conduct a reasonable investigation pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

Also, please forward all relevant information provided herewith to HSBC and PRA when you notify them that I have disputed the credit information maintained by you.

I anticipated that you will be completed the reinvestigation within 30 days, upon your completion, please provide to me the results of the investigation, as well as full disclosure of my credit file.

Thank you for your assistance to this matter.

Respectfully submitted;

Michael Phan

Enclosures:

1.   Consumer letter dated December 9, 2007.
2.   HSBC's statement dated December 5, 2007.
3.   HSBC's letter dated December 19, 2007.
4.   HSBC's letter dated December 28, 2007.
5.   HSBC's statement dated January 6, 2008.
6.   Consumer's letter dated January 12, 2008.
7.   HSBC' statement dated February 5, 2008.
8.   HSBC's letter dated February 11, 2008.
9.   Consumer's letter dated February 14, 2008.
10.  Consumer letter dated February 21, 2008
11.  HSBC's statement dated March 5, 2008
12.  Consumer's letter dated March 13, 2008
13.  HSBC's letter dated March 2, 2009
14.  Consumer's letter dated March 12, 2009
15.  Consumer's payment receipt, check 1009, dated March 11, 2009.
16.  Consumer's disputed with HSBC dated December 5, 2009
17.  PRA's debt communications dated January 7, 2010.
18.  Consumer's disputed letter dated January 19, 2010.
19.  HSBC's cardmember agreement and disclosure statement dated February 2006
20.  Experian report dated March 17, 2010

CC:   Federal Trade Commissioner
      Comptroller of the Currency

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addre

B. Received by (Printed Name)   C. Date of Deli

1. Article Addressed to:

Trans Union, LLC
P.O. Box 2000
Chester, PA 19022

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

MAR 2 9 2010

Union LLC

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchan
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7009 2250 0003 1004 8966

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

CRUM LYNNE PA 19022   OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.44 | 0217 |
| Certified Fee | $2.80 | 14 |
| Return Receipt Fee (Endorsement Required) | $2.30 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.54 | 03/26/2010 |

Sent To   Trans Union LLC
Street, Apt. No.; or PO Box No.   P.O. Box 2000
City, State, ZIP+4   Chester, PA 19022

7009 2250 0003 1004 8966

PS Form 3800, August 2006   See Reverse for Instruc

# *EQUIFAX*

P. O. Box 105518
Atlanta, GA 30348

*CREDIT FILE : March 30, 2010*
*Confirmation # 0070019710*

Dear Michael Nhut Phan:

Below are the results of your request for Equifax to reinvestigate certain elements of your Equifax credit file. Equifax contacted each source directly and our investigation is now completed. If you have any additional questions or concerns, please contact the source of that information directly.

You may contact Equifax regarding the specific information contain in this letter within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 884-9036 from 9:00am to 5:00pm Monday-Friday in your time zone. If you want to request a free copy of the Equifax credit file you can call our toll free number at (877) 576-5766.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

>>> *We have reviewed your concerns and our conclusions are:*

Adverse accounts listed as transferred or sold will remain on file for seven years from the date of last activity. Once an acct has been opened, the acct may appear on the credit file for 7 or 10 years from the date of last activity.

**Credit Account Information**
*(For your security, the last 4 digits of account number(s) have been replaced by *)*
*(This section includes open and closed accounts reported by credit grantors)*

| Account History | | | |
|---|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| 4 : 120-149 Days Past Due | H : Foreclosure | |

**Status Code**

**Descriptions**

>>> *We have researched the credit account. Account # - HSBC -2025500068171146  The results are:*  Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. Equifax has verified that this item has been reported correctly. If you have additional questions about this item please contact: *Portfolio Recovery Assoc, Riverside Commerce Center, 120 Corporate Blvd Ste 100, Norfolk VA 23502-4962*

( Continued On Next Page )



000806823-2834
Michael Nhut Phan
9401 Osprey Branch Trl Unit 9
Jacksonville, FL 32257-8159

PLAINTIFF'S EXHIBIT L

PENGAD 800-631-6989

0070019710QHE-000806823- 2834- 6353 - S

**Portfolio Recovery Associates**   Riverside Commerce Center 120 Corporate Blvd Ste 100 Norfolk VA 23502-4962

| Account Number HSBC -202550068517146 | | | | | | | | | | Creditor Classification Retail | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Items Acc of Date Reported 03/2010 | Balance Amount $613 | Date Opened 12/2009 | High Credit $604 | Credit Limit $0 | Terms Duration | Terms Frequency | | Months Revd | Activity Description | Balloon Pay Date | Date Closed |
| | Amount Past Due $613 | Date of Last Paymt | Actual Payment Amount $22 | Scheduled Payment Amount $0 | Date of 1st Delinquency 12/2008 | Date of Last Activity | Date Maj. Del. 1st Rptd 02/2010 | Charge Off Amount $0 | | Balloon Pay Amount $0 | |

Current Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes After Resolution; Collection Account;

Account History with Status Codes
02/2010
G

>>> We have researched the credit account.  Account # - 5120255000681*  The results are:   Equifax verified that this item belongs to you. Additional information has been provided from the original source regarding this item. Equifax has verified that this item has been reported correctly. If you have additional questions about this item please contact:  Ousehold Credit Services, PO Box 98706, Las Vegas  NV  89193-8706 Phone: (800) 477-6000

**Hsbc Bank**   PO Box 98706 Las Vegas NV 89193-8706

| Account Number 5120255000681* | | | | | | | | | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Items Acc of Date Reported 03/2010 | Balance Amount $0 | Date Opened 11/2006 | High Credit $603 | Credit Limit $0 | Terms Duration | Terms Frequency Monthly | | Months Revd 31 | Activity Description Transfer/Sold | Balloon Pay Date | Date Closed |
| | Amount Past Due $0 | Date of Last Paymt 10/2008 | Actual Payment Amount $0 | Scheduled Payment Amount $0 | Date of 1st Delinquency 12/2008 | Date of Last Activity | Date Maj. Del. 1st Rptd 06/2009 | Charge Off Amount $0 | | Balloon Pay Amount $0 | |

Current Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Account Closed At Consumers Request; Account Transferred or Sold;

Account History with Status Codes
08/2009  05/2009  04/2009  03/2009  02/2010  01/2009
L        5        4        3       2       1

## Notice to Consumers

Upon receipt of your dispute, we first review and consider the relevant information you have submitted regarding the nature of your dispute.  If the review does not resolve your dispute and further investigation is required, notification of your dispute, including the relevant information you submitted, is provided to the source that furnished the disputed information.  The source reviews the information provided, conducts an investigation with respect to the disputed information and reports the results back to us.  The credit reporting agency then makes deletions or changes to your credit file as appropriate based on the results of the reinvestigation. The name, address and, if reasonably available, the telephone number of the furnisher(s) of the information contacted while processing your dispute(s) is shown under the "Results of Your Investigation" section on the cover letter that accompanies the copy of your revised credit file.

If you still disagree with an item after it has been verified, you may send to us a brief statement, not to exceed one hundred words (two hundred words for Maine residents), explaining the nature of your dispute. Your statement will become part of your credit file and will be disclosed each time that your credit file is accessed.

If the reinvestigation results in a change to or deletion of the information you are concerned about, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company that received your credit file in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

0070019710QHE-000806823- 2834- 6353 - S

( End Of Report )

**Experian**
A world of insight

**Prepared for**
MICHAEL NHUT PHAN
**Report number**
2808-3834-87

**Report date**
April 12, 2010
www.experian.com/disputes   Page 3 of 16

## Investigation results

### About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

### How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item has been verified as accurate

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

### Results

We completed investigating any items you disputed with the sources of the information and processed any other requests you made. Here are the results:

| Credit items | Outcome |
| --- | --- |
| HSBC BANK | *Updated* |
| 512025500681.... | |

Visit experian.com/status to check the status of your pending disputes at any time

### What's your credit score?

**Find out by ordering your VantageScore® from Experian for only $7.95. To order your VantageScore, call 1 888 322 5583.**

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.



PLAINTIFF'S
EXHIBIT
J





**Prepared for**
MICHAEL NHUT PHAN
**Report number**
**2808-3834-87**

**Report date**
April 12, 2010
www.experian.com/disputes        **Page 5 of 16**
PO BOX 9701, Allen, TX 75013

## Potentially negative items or items for further review continued

| HSBC BANK | | | | | | | |
|---|---|---|---|---|---|---|---|
| **HSBC BANK**<br>PO BOX 81622<br>SALINAS CA 93912<br>(800) 477-6000<br>***Partial account number***<br>512025500681....<br><br>**Sold to: PORTFOLIO RECOVRY** | *Date opened*<br>Nov 2006<br>*Reported since*<br>Dec 2006 | *Date of status*<br>Dec 2009<br>*Last reported*<br>Dec 2009 | *Type*<br>Revolving<br>*Terms*<br>NA<br>*Monthly payment*<br>NA | *Responsibility*<br>Individual | *Credit limit or*<br>*original amount*<br>NA<br>*High balance*<br>$603 | *Recent balance*<br>$0  as of Dec<br>2009 | Status: Closed. $283 written off.<br>Account history:<br>Charge Off as of Dec 2009, Jun 2009<br>150 days past due as of May 2009<br>120 days past due as of Apr 2009<br>90 days past due as of Mar 2009<br>60 days past due as of Feb 2009<br>30 days past due as of Jan 2009<br><br>Comment: *"Account closed at consumer's*<br>*request and dispute investigation*<br>*completed, consumer disagrees."*<br><br>This item was verified and updated on<br>Apr 2010<br><br>Address identification number:<br>636374465 |



*** 161956556-131 ***
PO Box 2000
Chester, PA 19022

04/28/2010   TransUnion.

P137T800200396·I004991·009207987

MICHAEL NHUT PHAN
9401 OSPREY BRANCH TR 9
JACKSONVILLE, FL 32257



Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.custhelp.com

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| PERSONAL INFORMATION | | NEW INFORMATION BELOW |
| CHAPTER 7 BANKRUPTCY DISCHARGED | DOCKET #200005392 | DELETED |
| HSBC BANK | # 5120255006817146 | NEW INFORMATION BELOW |
| PORTFOLIO RECOVERY | # 5120255006817146 | DELETED |
| FIRST PREMIER BANK | # 5178007568000830 | NEW INFORMATION BELOW |
| SANTANDER CONSUMER USA | # 30000167751671000 | VERIFIED, NO CHANGE |

| | |
|---|---|
| File Number: | 161956556 |
| Page: | 1 of 9 |
| Date Issued: | 04/28/2010 |

**TransUnion.**

## Personal Information


| | |
|---|---|
| **Name:** | MICHAEL NHUT PHAN |

| | |
|---|---|
| **SSN:** | XXX-XX-1855 |
| **Date of Birth:** | 12/1970 |
| **Telephone:** | 425-2616 |

Your SSN is partially masked for your protection.

**Other Names:** OPHAN,NHUT
You have been on our files since 03/1992

### CURRENT ADDRESS
| | |
|---|---|
| **Address:** | 9401 OSPREY BRANCH TR 9 |
| | JACKSONVILLE, FL 32257 |
| **Date Reported:** | 03/2009 |

### PREVIOUS ADDRESS
| | |
|---|---|
| **Address:** | 925 PHILLIPS ST 2 |
| | JACKSONVILLE, FL 32207 |
| **Date Reported:** | 10/2008 |
| **Address:** | 4238 GLENVIEW RD |
| | JACKSONVILLE, FL 32207 |

### EMPLOYMENT DATA REPORTED
| | |
|---|---|
| **Employer Name:** | |
| **Date Reported:** | 11/2006 |

| | |
|---|---|
| **Position:** | |
| **Hired:** | |

**Special Notes:** Your Social Security number has been masked for your protection. You may request disclosure of the full number by writing to us at the address found at the end of this report. Also, if any item on your credit report begins with 'MED1', it includes medical information and the data following 'MED1' is not displayed to anyone but you except where permitted by law.

## Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but some creditors report how you make payments each month in relation to your agreement with them.

| N/A | X | OK | 30 days late | 60 days late | 90 days late | 120 days late |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

## Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in ›brackets‹ or is shaded for your convenience, to help you understand your report. They are not bracketed or shaded this way for creditors. (Note: The account # may be scrambled by the creditor for your protection).

**FIRST PREMIER BANK #** ⁝830
3820 N LOUISE AVE
SIOUX FALLS, SD 57107-0145
(800) 987-5521

| | |
|---|---|
| **Balance:** | $304 |
| **Date Verified:** | 04/2010 |
| **High Balance:** | $304 |
| **Credit Limit:** | $0 |
| **Past Due:** | ›$304‹ |

| | |
|---|---|
| **Pay Status:** | ›CHARGED OFF AS BAD DEBT‹ |
| **Account Type:** | REVOLVING ACCOUNT |
| **Responsibility:** | INDIVIDUAL ACCOUNT |
| **Date Open:** | 10/2006 |
| **Date Closed:** | 08/2008 |

**Loan Type:** CREDIT CARD
**Remarks:** ACCOUNT CLOSED BY CONSUMER
Estimated date that this item will be removed: 08/2015

**HSBC BANK #** ⁝146
PO BOX 5253
CAROL STREAM, IL 60197
(800) 477-6000

| | |
|---|---|
| **Balance:** | $0 |
| **Date Verified:** | 12/2009 |
| **High Balance:** | $603 |
| **Collateral:** | SLDTO PORTFOLIO RECOVRY |
| **Credit Limit:** | $0 |

| | |
|---|---|
| **Pay Status:** | ›PAYMENT AFTER CHARGE OFF/COLLECTION‹ |
| **Account Type:** | REVOLVING ACCOUNT |
| **Responsibility:** | INDIVIDUAL ACCOUNT |
| **Date Open:** | 11/2006 |
| **Date Closed:** | 12/2007 |
| **Date Paid:** | 10/2008 |

**Loan Type:** CREDIT CARD
**Remarks:** DISPUTE ACCT/CLSED BY CONSUMR
Estimated date that this item will be removed: 11/2015